IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

S. J. THOMPSON (STANTON J. )
THOMPSON), Inmate #N-03882, )
 )
      Plaintiff, )
 )   Case No. 11-cv-0311-MJR
vs. )
 )
LOIS L. LINDORFF, et al., )
 )
      Defendants. )

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

This matter is before the Court on a motion for leave to proceed in forma pauperis ("IFP") brought by Plaintiff (Doc. 2). Plaintiff seeks leave to proceed IFP in this case without prepayment of the Court's usual $350.00 filing fee in a civil case. *See* 28 U.S.C. § 1914(a). Pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

### DISCUSSION

In civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Upon tender of a proper affidavit and certified copy of a trust fund account statement, a prisoner is assessed an initial partial filing fee of twenty percent of the greater of: (1) the average monthly deposits to the

prisoner's trust fund account; or (2) the average monthly balance in the prisoner's trust fund account for the six-month period immediately preceding the filing of the prisoner's suit. *See* 28 U.S.C. § 1915(b)(1)(A)-(B). After payment of an initial partial filing fee, a prisoner is required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's trust fund account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of a prisoner must forward payments from the prisoner's trust fund account to the clerk of the district court where the prisoner's case is pending each time the amount in the account exceeds $10.00 until the filing fee in the case is paid. *See id*. Importantly, a prisoner incurs the obligation to pay the filing fee for a lawsuit when the lawsuit is filed, and the obligation continues regardless of later developments in the lawsuit, such as denial of leave to proceed IFP or dismissal of the suit. *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998); *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

In this case, Plaintiff has tendered an affidavit of indigence that is sufficient as to form and a certified copy of his prison trust fund account statement, but this is not the end of the matter. Pursuant to 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The statute provides further that, "[o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915A(b)(1). Under 28 U.S.C. § 1915(g),

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious,

or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Court documents are, of course, public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). Review of documents filed in the dockets of the Central District of Illinois and the Northern District of Illinois discloses the following actions brought by Plaintiff while a prisoner seeking redress from officers or employees of a governmental entity – actions that have been dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted: *Thompson v. Quinn*, Civil No. 10-1082-HAB-JAG (C.D. Ill., dismissed July 1, 2010); *Thompson v. Quinn, et al*, Civil No. 10-1101-HAB-JAG (C.D. Ill., dismissed April 27, 2010); *Thompson v. Hardy*, Civil No. 10-3088 (N.D. Ill., dismissed June 22, 2010); and *Thompson v. Bui, et al*, Civil No. 10-3134 (N.D. Ill., dismissed May 24, 2010) . Because Plaintiff has four "strikes" for purposes of § 1915(g), he may not proceed IFP in this case unless he is under imminent danger of serious physical injury.

The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id*. at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id*. at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

In the instant case, Plaintiff's complaint alleges that defendants failed to provide him adequate medical treatment. Plaintiff makes no assertions in his complaint or in his motion for leave to proceed IFP that he is under imminent danger. In fact, both the complaint and the motion for leave to proceed IFP are devoid of allegations that might lead the Court to conclude that Plaintiff is under imminent danger of serious physical injury. The Court concludes that Plaintiff is not under imminent danger of serious physical injury so as to escape the "three-strikes" rule of Section 1915(g) and therefore he cannot proceed IFP in this case.

Another serious flaw in Plaintiff's complaint has come to light. In section "III. LITIGATION HISTORY," Plaintiff falsely asserts that he has not "brought any other lawsuits in federal court while incarcerated." (Doc. 1, p. 3). Not only had Plaintiff in fact filed the four actions discussed above, he also had filed four previous actions in *this* Court. *See Thompson v. Davis, et al*, Case No. 10-cv-378-JPG (S.D. Ill., filed May 7, 2010) (dismissed for failure to comply with an Order of the Court; not a strike); *Thompson v. Ryker, et al*, Case No. 10-cv-436-JPG-PMF (S.D. Ill., filed May 14, 2010) (still pending before the Court); *Thompson v. Davidson, et al*, Case No. 10-cv-455-JPG (S. D. Ill., filed May 5, 2010) (dismissed for failure to pay the full filing fee; not a strike); *Thompson v. Quinn, et al*, Case No. 10-cv-217-DRH (S.D. Ill, filed March 22, 2010) (case transferred to the Central District of Illinois; not a strike).

Additionally, Plaintiff has filed 29 cases in the Central District of Illinois and 8 cases in the Northern District of Illinois. Plaintiff did not disclose any of his 45 prior lawsuits in the instant complaint. Plaintiff also attempted to defraud the Court in this case by redacting his first name and prisoner ID number from each and every page of his complaint and his motion to proceed IFP. However, both the envelope in which the complaint was mailed to the Court and the prisoner trust

fund statement provided by Plaintiff clearly state Plaintiff's name as "Stanton J. Thompson" with prisoner ID number N-03882.

The Court relies on a party's litigation history listed in his or her complaint to adhere to the three-strike requirement of 28 U.S.C. § 1915(g). Thus, there is a need for reliable information about prior litigation. As a result, where a party fails to provide accurate litigation history, the Court may appropriately dismiss the action for providing fraudulent information to the Court. *Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011) (dismissal appropriate where Court-issued complaint form clearly warned Plaintiff that failure to provide litigation history would result in dismissal). In addition, "the Plaintiff's omissions [failure to disclose prior lawsuits in his new complaint] suggest possible fraud on the court, which generally must 'lead to immediate termination of the suit.' *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999)." *Muhammad v. Walker*, Case No. 05-cv-1580 (Doc. 6, entered March 29, 2005). *See also* FED. R. CIV. P. 11; *Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008) (a litigant who has previously received three "strikes" and fails to disclose that fact in a later-filed lawsuit may have his action immediately terminated by the court as a sanction for this misconduct). Under this authority, the Court finds the instant action subject to immediate dismissal.

**DISPOSITION**

Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is **DENIED.** Plaintiff **SHALL PAY** the full filing fee of $350.00 for this action within **twenty-one (21) days** of the date of entry of this Order, on or before May 26, 2011.

**IT IS FURTHER ORDERED** that, because of Plaintiff's attempt to defraud the Court as to his true identity and his litigation history, this action is **DISMISSED** without prejudice to Plaintiff's bringing these claims in a fully pre-paid complaint. Should Plaintiff attempt to re-file this

action, or bring any other action before this Court, he shall state his full name and inmate ID number in his complaint and all other pleadings. Failure to comply with this Order, or any further attempt to obfuscate his identity or mislead the Court regarding his litigation history, shall result in immediate dismissal of Plaintiff's case(s).

Plaintiff is hereby **WARNED** that such behavior may subject Plaintiff to additional sanctions, including the imposition of a ban on filing any future actions. *See Hoskins*, 633 F.3d at 543 (7th Cir. 2011); *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000); *Sloan*, 181 F.3d at 859.

The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to Plaintiff and to the Trust Fund Officer at the Hill Correctional Center *upon entry of this Memorandum and Order*.

The Clerk shall **CLOSE THIS CASE**.

IT IS SO ORDERED.

DATED: 5/5/2011

/s/ MICHAEL J. REAGAN

MICHAEL J. REAGAN
United States District Judge